UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTA ROSA CONSULTING, LLC.,

    Plaintiff,

-v-                                                  Case No. 2:09-cv-13368
                                                  Hon. George Caram Steeh
RICKY ARREDONDO,                Magistrate Judge Mona K. Mazoub

    Defendant.
_____/

| BUTZEL LONG | BELLANCA, BEATTIE and DELISLE, P.C. |
|---|---|
| Bruce L. Sendek  (P28095) | Steven J. Grobbel  (P42828) |
| Cynthia J. Haffey  (P57352) | 20480 Vernier |
| 150 W. Jefferson Avenue, Suite 100 | Harper Woods, MI  48225 |
| Detroit, MI  48226 | (313) 882-1100 |
| (313) 225-7000 | Attorney for Defendant |
| Attorneys for Plaintiff | sgrobbel@bellanca.com |
| sendek@butzel.com | |
| haffey@butzel.com | |

## **STIPULATED CONFIDENTIALITY/PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority and with the consent of the parties, ORDERED:

    1.    **Nondisclosure of Stamped Confidential Documents**.  Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no document stamped "Confidential" may be disclosed to any person, except as provided herein.

> A "Confidential" document means any document or material which bears the legend (or otherwise has the legend recorded upon it or designated in such a manner that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection.

For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that are not entitled to protection.

2. **Permissible Disclosures**.

(a) Documents designated as "Confidential" may be disclosed to: (i) counsel for the parties in this action; (ii) the partners, associates, secretaries, paralegal assistants, and other employees and agents of such counsel; (iii) in-house counsel; (iv) any expert or consultants retained for the purpose of assisting counsel in the litigation; (v) persons with prior knowledge of the documents or the confidential information contained therein, and their counsel; (vi) court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court), any person designated by the court in the interest of justice, upon such terms as the court may deem proper; (vii) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; (vii) the parties, but solely for the purposes of this litigation and (viii) court reporters.

(b) In all cases, except for individuals identified in 2(i), (ii), (iii), (vi), (vii) and (viii), individuals identified in subparagraph 2 (a) to whom disclosure is to be made shall agree to be bound by this Protective Order and must sign an agreement to be retained by counsel for the party disclosing the document and stating the following:

(1) a recital that the signatory has read, understands and agrees to be bound by this order;

(2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

(c) Before disclosing a Confidential document to anyone not described in subparagraph (2) above, the party wishing to make such disclosure shall give at least 10 days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible unless the court denies such motion.

3. **Declassification**. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as Confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain Confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. **Confidential Information in Depositions**.

(a) A deponent may during the deposition be shown and examined about Confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 2 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless

they sign the form prescribed in paragraph 2. A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within 45 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as Confidential. Confidential information within the deposition transcript may be designated in writing by page and line number. Until expiration of the 45-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates Confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the Confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so designated.

5. **Confidential Information at Trial**. Subject to the Federal Rules of Civil Procedure, Confidential documents and other Confidential information may be offered in evidence at trial or any court hearing. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of Confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing**. Confidential documents shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

8. **Client Consultation**. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 2.

9. **Use**. Persons obtaining access to Confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

10. **Non-Termination**. The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, Confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents and not more than 150 days after final termination of this litigation.

11. **Modification Permitted**. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access

to, and distribution of copies of Confidential documents. Parties shall not duplicate any Confidential document except working copies and for filing in court under seal.

13. **No Waiver**.

(a) Review of the Confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

14. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

s/George Caram Steeh
U.S. District Judge

Dated: August 3, 2010

STIPULATED TO AND APPROVED AS TO
FORM AND SUBSTANCE:

| BUTZEL LONG | BELLANCA, BEATTIE and DELISLE, P.C. |
|---|---|
| By: /s/ Cynthia J. Haffey | By: /s/ Steven J. Grobbel |
| Cynthia J. Haffey (P57352) | Steven J. Grobbel (P42828) |
| 150 W. Jefferson Avenue, Suite 100 | 20480 Vernier |
| Detroit, MI 48226 | Harper Woods, MI 48225 |
| (313) 225-7000 | (313) 882-1100 |
| Attorneys for Plaintiff | Attorney for Defendant |
| sendek@butzel.com | sgrobbel@bellanca.com |
| haffey@butzel.com | |